## HART v. JEWETT, Administrator.

1. Executors: ORDER OF COUNTY COURT. In proceedings under §§ 2419, 2420, of the Revision of 1860, to enforce the payment of a claim by an administrator, in compliance with an order of the County Court, it is not necessary to file a petition alleging a breach of the bond.

2. —— SETTLEMENT OF ESTATE. It is the duty of an administrator to pay off the claims against an estate as speedily as possible, consistent with the rights and interests of all parties involved, and when the assets are insufficient to pay off the whole of the debts of any one class, the County Court should, from time to time, strike dividends, and the executor should pay accordingly.

*Appeal from Polk District Court.*

TUESDAY, OCTOBER 18.

FOR the facts of this case, in addition to those stated in the opinion, see 11 Iowa, 276.

*Phillipps & Phillipps* for the appellant.

*Casady & Polk* for the appellee.

WRIGHT, Ch. J.—Plaintiff is a creditor of the estate of Elijah Eaton, deceased. Jewett and Harriet Tait are the administrators of said estate, and the other defendants, their sureties upon their bond as such administrators. Plaintiff's demand having been allowed, and the administrators failing to pay the same, he instituted

proceedings as provided by § 1387 of the Code of 1851 (Rev. 2419), against said defendants, requiring them to show cause why the said claim had not been paid in accordance with the allowance and order of the County Court. On the hearing, that court found that the administrators were bound and liable to pay said claim in full. This was affirmed in the District Court, but on appeal to this, the cause was remanded with instructions, that the County Court should fix defendants' liability, upon the basis that the assets were to be applied: First, to the expenses of administration; Second, the charges of last sickness; and so on in the order provided for in §§ 1370, *et seq.* of the Code. (Rev., §§ 2402, 2403, 2404.) It now appears that the court proceeded in strict accordance with these directions, and ascertained that plaintiff's claim amounted to some $2,300, but that after paying the debts of the preferred classes, the *pro rata* amount would be some $1,078, and for this sum judgment was entered on the bond, as contemplated by § 2420 of the Revision, and defendants again appeal.

The action of the County Court in ascertaining the amount of defendant's liability, so literally and strictly follows the instructions given when the case was formerly before us, that it would seem as if the controversy was closed. Appellants, however, present some questions which they insist have not been passed upon, and to these we direct our attention. We shall do so, however, by stating our views of the law generally, without taking up and attempting to examine in detail the several errors assigned. The sections of the statute before referred to (Rev., §§ 2419, 2420), provide that, " If the executors fail to make payment of any kind in accordance with the order of the court, they and their sureties may be summoned to appear before the court, at a time to be specified in the summons, not less than ten days from the time of service, to show cause why they

have so failed as aforesaid. If no sufficient cause be shown, the court shall render judgment on the bond of the executors for the amount of money directed to be paid, together with the costs, and shall issue execution accordingly." In this case, after plaintiff's claim had been duly allowed, and the payment thereof ordered in strict accordance with the law, he applied to the County Court for a summons against the administrators and their sureties, to show cause why the said claim had not been paid. The summons issued accordingly—was duly served — the sureties made default, and after full hearing (the administrators appearing), the judgment as before stated was entered on the bond. It is now objected that the entire proceedings are irregular and defective, because a petition was not filed alleging some breach of the condition of said bond. In this opinion we cannot concur. The statute intended to give the creditor a speedy and summary remedy against a delinquent administrator. The sureties obligated themselves with full knowledge of the rights of creditors to proceed thus summarily. While specific breaches, by formal petition, might consistently enough be alleged, we do not believe that such particularity was intended or contemplated by the law. The creditor has a debt, which the court has ordered the administrator to pay. He has neglected to do this, as the creditor alleges, without cause. He, with his sureties, are notified to show cause why the order has not been complied with. In their responses, they may, of course, show a want of assets; that they have been unable to collect the same; that they have paid out legally and legitimately all the means coming into their hands, and, indeed, many other causes why the said summons was improperly issued; and if such causes are deemed sufficient, the creditor must, of course, pay the costs of the proceeding. Not only so, but the objection, if tenable at any time, comes too late. Notwithstanding the cause has been

twice heard in the County and District Court and once before here, this objection is now made for the first time. It cannot and should not avail.

II. It was the duty of the administrators to pay the claims against said estate, from the funds in their hands, 2. —— Set- so as to settle and close the estate as speedily as tlement of estate. possible, consistent with the rights and interests of all the parties interested. In such matters, we may be allowed to say, as a rule, there is almost a criminal degree of negligence and delay. For years and years, in too many instances, estates remain unsettled, and the assets undistributed, from no other apparent cause than a disregard of their obligations, on the part of those who have taken an oath for the faithful discharge of the duties imposed on them by law—the law plainly and unequivocally pointing out these duties and obligations. Thus, a third class claim is one filed within six months after notice, given by an administrator of his appointment. After the expiration of this time, it is the duty of the administrator to proceed to pay off all claims, in their order of preference, as fast as the means of so doing come into his hands. Claims of the fourth class may be paid after the expiration of said six months, and legacies, even after the expiration of a year. If the means are likely to prove insufficient to pay off the whole of the debts of any one class, the court is required, from time to time, to strike a dividend, and the executors should pay accordingly. And, ordinarily, it is expected that the estate shall be closed and settled within eighteen months (Rev., §§ 2404–7, 2411, 2415). And as to his duty to report, see §§ 2447–9, 2453. And yet how often it is that these provisions are sadly and flagrantly disregarded and neglected. We have said this much as a foundation for the remark, that it was the duty of these administrators to have paid plaintiff's claim, long before he instituted the present proceeding. They received their appointment

in March, 1855, and notwithstanding the claim was filed within six months thereafter, no steps were taken against them until May, 1858; and yet, at this time, they had received about $2,700 of the assets, and indeed all that they ever have received, showing a balance of more than $1,700 beyond what was necessary to satisfy the preferred claims. It was their duty to report the condition of the estate, and obtain an order for *pro rata* payment, if the means were insufficient to pay all. Plaintiff, as they failed to pay him anything, had a right to proceed upon the bond for the whole amount claimed. The order was, that his claim should be paid. Of course this was to be taken with the qualification that the administrators would pay from, and according to the assets in their hands. In enforcing this order, as allowed by §§ 2419, 2420, it is no answer that a prior order for a *pro rata* payment had not been made. That the assets, or the administrators' showing in answer to the rule, may have been insufficient to entitle the plaintiff to the payment of his whole debt, might lessen their liability, but for this lower sum, under the prior order for the payment of this claim, and in view of the duties resting upon them as enjoined by law, plaintiff was entitled to judgment.

Affirmed.

COLE, J., having been of counsel, took no part in the consideration of this case.